1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DUSTIN BOUCHER,                        No.  2:14-cv-0526 DAD

12              Plaintiff,

13        v.                                ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,

15

16              Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment.[1]  For the reasons explained below, plaintiff's motion is

20   denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social

21   Security ("Commissioner") is affirmed.

22                         PROCEDURAL BACKGROUND

23        On May 21, 2010, plaintiff filed applications for Disability Insurance Benefits ("DIB")

24   under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

25   ("SSI") under Title XVI of the Act alleging disability beginning on July 1, 2005.  (Transcript

26   /////

27   _____

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant
     to 28 U.S.C. § 636(c).  (See Dkt. Nos. 8 & 10.)

                                         1

("Tr.") at 12, 138-48.)  Plaintiff's applications were denied initially, (id. at 66-70), and upon

reconsideration.  (Id. at 75-79.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law

Judge ("ALJ") on March 29, 2012.  (Id. at 26-58.)  Plaintiff was represented by an attorney and

testified at the administrative hearing.  (Id. at 26-27.)  In a decision issued on May 7, 2012, the

ALJ found that plaintiff was not disabled.  (Id. at 20.)  The ALJ entered the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2.  The claimant has not engaged in substantial gainful activity since July 1, 2005, the alleged disability onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3.  The claimant has the following severe impairments:  chronic shoulder dislocation, obesity, status post right femur fracture, mood disorder NOS, learning disorder NOS, depressive disorder NOS, and personality disorder NOS (20 CFR 404.1520(c) and 416.920(c)).
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except no limitations in stand and walking or sitting; lift and carry 10 pounds occasionally and frequently with the right non-dominant upper extremity, no climbing, crawling, and occasional reaching below shoulder height at waist level with right upper extremity and no reaching above shoulder height with right upper extremity; avoid heights and working around heavy machinery; and simple repetitive tasks in a non-public setting.
>
>  6.  The claimant is unable to perform any of his past relevant work (20 CFR 404.1565 and 416.965).
>
> 7.  The claimant was born on January 15, 1979 and he was 26 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8.  The claimant has a at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled,"

whether or not the claimant has transferable job skills (See SSR82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11.  The claimant has not been under a disability, as defined in the Social Security Act, from July 1, 2005, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 14-20.)

On January 14, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's May 7, 2012 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on February 23, 2014.

LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

1          Step two:  Does the claimant have a "severe" impairment?  If so,
2     proceed to step three.  If not, then a finding of not disabled is
      appropriate.

3          Step three:   Does the claimant's impairment or combination of
      impairments meet or equal an impairment listed in 20 C.F.R., Pt.
4     404, Subpt. P, App. 1?   If so, the claimant is automatically
      determined disabled.  If not, proceed to step four.

5
           Step four:  Is the claimant capable of performing his past work?  If
6     so, the claimant is not disabled. If not, proceed to step five.

7          Step five:  Does the claimant have the residual functional capacity
      to perform any other work?  If so, the claimant is not disabled.  If
8     not, the claimant is disabled.

9     Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

10         The claimant bears the burden of proof in the first four steps of the sequential evaluation

11    process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

12    if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

13    1098 (9th Cir. 1999).

14                                        APPLICATION

15         In his pending motion plaintiff asserts the following two principal claims:   (1) the ALJ

16    failed to adequately explain her residual functional capacity ("RFC") determination; and (2) the

17    ALJ improperly rejected the opinion of an examining physician.  (Pl.'s MSJ (Dkt. No. 14) at 8-

18    11.[2])

19    **I.        RFC Determination**

20         Plaintiff argues that there is a "total lack of explanation" for the RFC determination in the

21    ALJ's opinion.  (Id. at 8.)  Plaintiff's argument is itself, however, vague and conclusory, and fails

22    to raise any specific challenge to the ALJ's RFC determination.  Instead, plaintiff simply refers

23    the court to the "statement of facts," found in his motion for summary judgment, which plaintiff

24    asserts will "explicate the essentially total lack of explanation for" the ALJ's RFC determination.

25    (Id.)  The undersigned has reviewed plaintiff's statement of facts and remains uncertain as to the

26    /////

27    _____

28    [2]  Page number citations such as this one are to the page number reflected on the court's CM/ECF
      system and not to page numbers assigned by the parties.

                                             4

nature of plaintiff's claim in this regard.  In short, plaintiff has failed to clearly identify precisely why plaintiff believes the ALJ's RFC determination was deficient.

Moreover, a reading of the ALJ's opinion reveals that her RFC determination was based on the ALJ's review of the evidence of record, plaintiff's subjective testimony and the submitted medical opinions.  (Tr. at 16-19.)  Aside from the vague, conclusory and unsupported claim alleging "a total lack of explanation" for that RFC determination, plaintiff has failed to assert any claim challenging the ALJ's treatment of those items of evidence upon which the ALJ relied in making the RFC determination.

Accordingly, plaintiff's motion for summary judgment is denied as to this claim.

**II.     Medical Opinion Evidence**

Plaintiff also argues that the ALJ erred by rejecting the opinion of Dr. Michelina Regazzi, an examining physician.  (Pl.'s MSJ (Dkt. No. 14) at 9-11.)

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  In addition, greater weight should be given to the "'opinion of a specialist about medical issues related to his or her area of specialty.'"  Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(5)).  Finally, although a treating physician's opinion is generally entitled to

1   significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating

2   physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"

3   Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec.

4   Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

5          Here, on February 21, 2012, Dr. Michelina Regazzi examined plaintiff and issued her

6   report on February 23, 2012.  (Tr. at 596.)  Dr. Regazzi opined that plaintiff was moderately or

7   markedly impaired in multiple areas of functioning.  (Id. at 600.)  The ALJ, however, gave "little

8   weight," to Dr. Regazzi's opinion.  (Id. at 18.)  In doing so, the ALJ found that Dr. Regazzi's

9   opinion was contradicted by the opinion of Dr. Silvia Torrez, who examined plaintiff on April 3,

10  2011.  (Id. at 19, 525.)  The ALJ noted that when examined by Dr. Torrez, plaintiff's "memory

11  was within normal limits and he had good understanding and concentration."  (Id.at 19.)  The ALJ

12  also noted that it was the opinion of Dr. Torrez that plaintiff had "no more than moderate

13  limitations, and his ability to understand and remember short simple instructions and to sustain an

14  ordinary routine was good."  (Id.)

15         Moreover, the ALJ found that Dr. Regazzi's opinion was "inconsistent with her own

16  testing and findings," since Dr. Regazzi's "[f]indings were rather benign."  (Id. at 18.)  A review

17  of Dr. Regazzi's opinion reveals that plaintiff's scores on the Verbal Comprehension Index, and

18  his reading and spelling scores on the Wide Range Achievement Test fell within the average

19  range.  (Id. at 599.)  Plaintiff's results on the Processing Speed Index test fell "within the

20  borderline range."  (Id.).  Although plaintiff's scores on the Perceptual Reasoning Index and

21  Working Memory Index were "within the deficient range," Dr. Regazzi concluded that plaintiff's

22  "overall intellectual functioning . . . falls within the Borderline range."  (Id. at 598-99.)

23         Dr. Regazzi also noted that, although plaintiff was "encouraged to perform to the best of

24  his ability and appeared to do so," plaintiff had an "impulsive response style, which may have

25  negatively affected his scores to a mild degree," and, therefore, the test scores were considered

26  only a "*fairly* accurate reflection" of plaintiff's current level of functioning.  (Id. at 598)

27  (emphasis added).  In this regard, the conflict between the degree of limitation found in Dr.

28  Regazzi's opinion and that indicated by Dr. Regazzi's testing is a specific and legitimate reason

1  for rejecting Dr. Regazzi's opinion or according it little weight.  See Bayliss v. Barnhart, 427 F.3d

2  1211, 1216 (9th Cir. 2005) (holding that a contradiction between a doctor's opinion and the

3  doctor's own observations is a clear and convincing reason for rejecting the opinion).

4         The ALJ also rejected Dr. Regazzi's opinion because it appeared that Dr. Regazzi "relied

5  quite heavily on the subjective report of symptoms and limitations" provided by plaintiff.  (Tr. at

6  19.)  The ALJ found "good reasons" to question the "reliability" of plaintiff's subjective

7  complaints.  (Id.)  Specifically, the ALJ noted that plaintiff's alleged severe limitations were not

8  consistent with his work history, his treatment records or Dr. Regazzi's own examination and

9  testing.[3]  (Id.)  "An ALJ may reject a [medical] opinion if it is based to a large extent on a

10  claimant's self-reports that have been properly discounted as incredible."  Tommasetti v. Astrue,

11  533 F.3d 1035, 1041 (9th Cir. 2008) (citation and quotation omitted).  See also Fair v. Bowen,

12  885 F.2d 597, 605 (9th Cir. 1989) ("The ALJ thus disregarded Dr. Bliss' opinion because it was

13  premised on Fair's own subjective complaints, which the ALJ had already properly discounted.

14  This constitutes a specific, legitimate reason for rejecting the opinion of a treating physician.").

15  A review of Dr. Regazzi's opinion finds that a considerable amount of the information upon

16  which it was based was plaintiff's own subjective reports.  (Tr. at 596-98.)

17         For all of the reasons stated above, the court finds that the ALJ in this case offered

18  specific, clear and convincing reasons for rejecting examining physician Dr. Regazzi's medical

19  opinion.  Accordingly, plaintiff's motion for summary judgment is also denied as to this claim.

20                                  **CONCLUSION**

21         For all of the reasons stated above, the court finds that plaintiff is not entitled to summary

22  judgment in his favor with respect to either of his arguments.

23         Accordingly, IT IS HEREBY ORDERED that:

24  /////

25  /////

26  /////

27  _____

28  [3]  In these proceedings plaintiff has not challenged the ALJ's finding with respect to plaintiff's credibility.

7

1        1.  Plaintiff's motion for summary judgment (Dkt. No. 14) is denied;

2        2.  Defendant's cross-motion for summary judgment (Dkt. No. 16) is granted; and

3        3.  The decision of the Commissioner of Social Security is affirmed.

Dated:  September 15, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\boucher0526.ord.docx

8